IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WINFRED WILSON,

       Plaintiff,

v.                                                                         No. CIV-08-0582 JH/RLP

WARDEN ROBERT ULIBARRIE [sic],
CNMCF, ET AL IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that Defendants have exhibited deliberate indifference to Plaintiff's serious medical condition.  Plaintiff claims that Defendants' conduct is in violation of the United States and New Mexico Constitutions.  For relief he seeks damages.

No relief is available on Plaintiff's allegations against Defendant Ulibarri in his official capacity or Defendant CNMCF.  "The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages.  Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  And claims for damages against Defendant CNMCF are the same as claims against the State itself.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff's allegations against Defendant Ulibarri in his official capacity and Defendant CNMCF do not provide a basis for relief, and the Court will dismiss claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 4) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the

necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Ulibarri in his official capacity and Defendant CNMCF are DISMISSED with prejudice; and Defendant Ulibarri in his official capacity and Defendant CNMCF are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Ulibarri.

_____
UNITED STATES DISTRICT JUDGE