IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WINFRED WILSON,

    Plaintiff,

v.                                                             Civ. No. 08-582 JH/RLP

WARDEN ROBERT ULIBARRIE [*sic*],
*et al.* in their individual and official capacities,

    Defendant.

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff claimed an Eighth Amendment violation for Defendants' denial of medical care for a serious condition. The Court requested a *Martinez* Report [Doc. 12], which was submitted along with a Motion to Dismiss [Doc.14 & 15].

    2.    The medical records submitted indicated that Plaintiff had been diagnosed with a ventral hernia. The documents also indicated that Plaintiff had been "scheduled for surgery 7/1/07 and apparently authorization was never given." Doc. 15-9, page 7 of 45. The medical records submitted appeared incomplete and there were no documents indicating that Plaintiff had had the surgery or why the "authorization" was never given, or by whom.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3,   On April 28, 2008, Plaintiff filed an "Emergency Grievance," which was accepted for review and then denied, with the conclusory statement:

> you have been seen by the medical (*sic*) on April 22, 2008 and are referred to see a doctor for an evaluation.  No negligence or willful misconduct was found on the part of the medical department or the institution and the inmate has not provided any.

Doc. 15-2, pages 2-3 of 6.

4.   Based on the foregoing, the Court held a hearing on May 19, 2009. Defendants' counsel indicated that Plaintiff would be seen shortly for surgery evaluation by physicians at the University of New Mexico Hospital (UNMH).  Counsel submitted to the Court current medical records from UNMH and indicated they would advise the Court of the outcome of the surgical consultations.  The medical records have been docketed as an addendum to the *Martinez* Report.  *See* Doc. 34.

5.   Deliberate indifference to the serious medical needs of an inmate violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  To show an Eighth amendment violation, a plaintiff must prove two elements: (1) objectively, that his medical needs are sufficiently serious; and (2) subjectively, that prison officials acted with a sufficiently culpable state of mind.  *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). The Court finds that Plaintiff has a serious medical need, a diagnosed ventral hernia that may or may not need surgical repair.  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

6.   As to the second element, the Plaintiff must show that prison officials had a sufficiently culpable state of mind by showing they knew of and disregarded an excessive risk to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff cannot prevail on this element.

7. A review of the medical records before the Court indicates that Plaintiff is receiving ongoing medical care and evaluations. He most recently is being seen by Dr. Demerest at UNMH and has had a colonoscopy. He has a follow-up appointment with Dr. Demerest to determine whether surgery will be necessary. He is being prescribed medication for his condition and is being monitored by UNMH medical staff. *See* Doc. 34. Most of the changed or put off appointments do not generate with prison medical staff or prison officials. Plaintiff may believe he needs an operation immediately, but there is no Eighth Amendment violation where a prisoner is receiving ongoing medical care for his medical condition. It is the physicians, not the Plaintiff, who will determine if surgery is necessary.

## Recommended Disposition

I recommend that Defendants' Motion to Dismiss [Doc. 14] be granted for the reasons stated herein and I further recommend that this case be dismissed with prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge